## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **THE NOCO COMPANY** | ) | |
| 30339 DIAMOND PARKWAY, #102 | ) | CASE NO: |
| GLENWILLOW, OHIO 44139, | ) | |
| | ) | JUDGE: |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **NOMADIC SUPPLY COMPANY LLC** | ) | |
| 7901 4TH ST. N., STE. 300 | ) | |
| ST. PETERSBURG, FL 33702, | ) | |
| | ) | |
| SERVE ALSO, | ) | |
| | ) | |
| **NORTHWEST REGISTERED AGENT** | ) | |
| **LLC, REGISTERED AGENT OF** | ) | |
| **NOMADIC SUPPLY COMPANY LLC** | ) | |
| 7901 4TH ST. N., STE. 300 | ) | |
| ST. PETERSBURG, FL 33702, | ) | |
| | ) | |
| Defendant. | ) | |

---

## COMPLAINT
## (JURY DEMAND ENDORSED HEREIN)

---

Plaintiff The NOCO Company d/b/a NOCO ("***Plaintiff***" or "***NOCO***") by and through the undersigned counsel, and for its Complaint against Nomadic Supply Company LLC ("***Defendant***" or "***Nomadic***") states as follows:

### INTRODUCTION

1.     Defendant is engaged in the unauthorized sale of materially different products that bear NOCO's brand, copyrights, and trademarks and thus infringe upon NOCO's

1

intellectual property rights. Defendant's unauthorized sales and infringing activities are illegal, have harmed, and will continue to harm Plaintiff.

2.      As alleged in more detail below, although products sold by Defendant may have been manufactured by NOCO, they are materially different from the products received by consumers when purchased than NOCO or through NOCO's authorized channels because a consumer who purchases a product from Defendant does not receive the benefit of NOCO's warranty, customer service, or quality controls, among other benefits.

3.      Defendant's unlawful and unauthorized use of NOCO's brand, copyrights, trademarks, and intellectual property to sell products constitutes trademark infringement, trademark dilution, unfair competition, violations of the Ohio Deceptive Trade Practices Act, and false advertising because Defendant is selling products that are materially different from genuine NOCO products (the "*Infringing Products*").[1]

4.      The Infringing Products sold by Defendant are materially different to those sold by Plaintiff because, *inter alia*, Defendant's unauthorized sales do not include important warranty protections included with NOCO-branded products sold through Plaintiff's authorized channels and Plaintiff understands that Defendant does not abide by Plaintiff's quality controls, including the storage and handling of the products, nor are associated with Plaintiff's superior customer service.

---

[1] The term "Infringing Products" means NOCO-branded products that are materially different from genuine NOCO Products because they are handled, stored, and sold outside of NOCO's authorized distribution channels, despite bearing NOCO's brand, copyrights, trademarks, and/or intellectual property.

2

## PARTIES

5.      Plaintiff is a corporation formed and existing under the laws of the State of Ohio, with a principal place of business in Glenwillow, Ohio.

6.      Plaintiff designs, manufactures, and sells battery chargers, portable power devices, and related battery products and accessories (collectively, the "***Products***").

7.      Upon information and belief, Defendant Nomadic is a domestic limited liability company organized and existing under the laws of Florida with a principal place of business at 7901 4th St. N., Ste. 300, St. Petersburg, Florida 33702.

8.      Defendant is selling Infringing Products and using Plaintiff's proprietary intellectual property in connection with such sales without Plaintiff's permission or consent.

## JURISDICTION/VENUE

9.      This Court has subject matter jurisdiction over NOCO's declaratory judgment claim pursuant to 28 U.S.C. § 2201(a) and Fed. R. Civ. P. 57.

10.     This Court has subject matter jurisdiction over NOCO's trademark and unfair competition claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) because NOCO's trademark and unfair competition claims are predicated on 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a) and (c).

11.     This Court also has original subject matter jurisdiction over Plaintiff's unfair competition claim, pursuant to 28 U.S.C. § 1338(b), because it is joined with Plaintiff's substantial and related trademark claims.

12.     This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over

4925-1860-1038, v. 1

NOCO's remaining claims which form part of the same case or controversy under Article III of the United States Constitution as NOCO's trademark and unfair competition claims.

13.     Pursuant to Fed. R. Civ. P. 4(k)(1)(a) and O.R.C. 2307.382, this Court has personal jurisdiction over Defendant because Defendant has, among other things: i) transacted business in Ohio; ii) contracted to supply goods in Ohio; iii) caused tortious injury in Ohio by acts committed in Ohio; iv) caused tortious injury in Ohio by acts committed outside of Ohio while regularly engaging in business and deriving substantial revenue from goods consumed in Ohio; and/or v) caused tortious injury in Ohio by acts committed outside of Ohio with knowledge that Plaintiff would be harmed within the State of Ohio.

14.     As alleged in more detail below, Defendant purposely avails itself to the benefits and protections of Ohio law by, *inter alia*, knowingly purchasing from Ohio Resellers (defined below) and selling and shipping goods to Ohio consumers.

15.     Plaintiff understands that Defendant also uses Ohio infrastructure, such as ports, roadways, railways, and airports, to aid in the sale and transport of the Infringing Products into the State of Ohio for delivery to Ohio consumers.

16.     Defendant knowingly sells Infringing Products into this forum, intentionally interferes with Ohio contracts, and purposefully harms Plaintiff's reputation and goodwill within the jurisdiction of this forum, where Defendant is aware that Plaintiff is located.

17.     Upon information and belief, Defendant's activities have been significant, and Defendant has made substantial and regular advertisements, marketing, shipments,

distributions, and sales of Infringing Products to customers located within this forum's jurisdiction.

18.     NOCO's claims arise directly from Defendant's conduct and related activities within this forum, including its infringing marketing, sales, and shipments into this forum, which are directly related and relevant to NOCO's causes of action.

19.     This Court's exercise of personal jurisdiction over Defendant is fair and reasonable because Defendant has demonstrated an intent to avail itself to the benefits and protections of the laws that govern this forum through the nature, regularity, and relevance of Defendant's contacts with this forum.

20.     As such, jurisdiction is reasonable and consistent with due process.

21.     Venue is proper pursuant to at least 28 U.S.C. § 1391(b)(2) because a significant portion of the events giving rise to Plaintiff's claims, including Defendant's infringing sales, Defendant's inducement of Resellers' (defined below) contractual violations, and harm to Plaintiff's reputation and goodwill occurred in this District.

## BACKGROUND
### *Plaintiff's Trademarks Possess Considerable Value*

22.     Plaintiff is the owner of the trademarks NOCO®, with Registration Number 5,238,298, NOCO GENIUS®, with Registration Numbers 5,303,090 and 6,175,029, NOCO BOOST®, with Registration Number 5,962,831, NOCO BOOST X®, with Registration Number 6,616,283, ULTRASAFE®, with Registration Number 4,811,656, and ULTRASAFE 2.0®, with Registration Number 6,847,711 (collectively, its "***Trademarks***"). The registrations for the

Trademarks are valid, subsisting, and in full force and effect.

23.    Examples of Plaintiff's use of the Trademarks are included as Figures 1 through 6 below.



*Figure 1: Use of NOCO Trademark, available at no.co.*



*Figure 2: Use of NOCO Genius Trademark, available at no.co/brands.*



*Figure 3: Use of NOCO BOOST Trademark, available at no.co/brands.*

4925-1860-1038, v. 1



*Figure 4: Use of NOCO BOOST X Trademark, available at no.co/boost/boost-x*



*Figure 5: Use of ULTRASAFE Trademark, available at no.co/gb40.*



*Figure 6: Use of ULTRASAFE 2.0 Trademark, available at no.co/gbx155.*

24.     NOCO is the owner of common law copyrights in the creative marketing content, including but not limited to its images and product descriptions available at NO.CO, and registered copyrights "NOCO GB40 Jump Starter ? Front View with Plug." Registration No. VA0002166491 and "NOCO Gen Mini 3 On-Board Battery Charger – Front View." Registration No. VA0002166492 (the "*Copyrights*").

25.     NOCO actively uses, advertises, and markets its Copyrights and Trademarks in commerce throughout the United States and the world.

26.     Consumers recognize NOCO's Copyrights and Trademarks as being associated with premium battery chargers, portable jump starters, and related accessories of the highest quality and durability in their respective industries.

27.     Because of the quality, reliability, and durability of NOCO's Products, consumers trust NOCO's Products and associate NOCO's Products with high quality,

reliable, and durable products.

28. For all of these reasons, NOCO's Copyrights and Trademarks are widely recognized by the general consuming public of the United States and NOCO is recognized as the source of the Products bearing NOCO's Copyrights and Trademarks.

29. Due to the superior quality and exclusive distribution of NOCO's Products, and because NOCO is uniquely recognized as the source of these high-quality products, NOCO's Copyrights and Trademarks have considerable value.

### *Plaintiff Uses Authorized Resellers to Protect Its Brand and Reputation*

30. Plaintiff sells its Products on its website (https://no.co/), to wholesalers and authorized resellers (each, a "*Reseller*" and together, "*Resellers*"), and through online stores such as Walmart.

31. When Plaintiff sells to Resellers, Plaintiff enters into contracts with such Resellers (each, a "*Reseller Agreement*" and collectively, the "*Reseller Agreements*"). An example of a Reseller Agreement is attached as **Exhibit 1**. Resellers may only sell NOCO Products pursuant to a Reseller Agreement.

32. Plaintiff devotes a significant amount of time, energy, and resources toward protecting the value of NOCO's brand, products, name, and reputation. By distributing NOCO Products exclusively through its own channels and through authorized Resellers, Plaintiff promotes the safety of its products and maintains the integrity and reputation of its brand. In the highly competitive battery charger, portable jump starter, and accessories industries, quality, customer support, and warranties are fundamental to a customer's

4925-1860-1038, v. 1

decision to purchase a product.

33.     Plaintiff uses Reseller Agreements to promote fair competition between Resellers and to protect its brand, its goodwill, and its valuable intellectual property, including its Copyrights and Trademarks.

34.     The Reseller Agreements limit Resellers' use of the Copyrights and Trademarks to avoid brand dilution, tarnishment, and confusion as to the origin of the Products.

35.     The Reseller Agreements only permit Resellers to sell Products to retail consumers and expressly prohibit bulk sales or sales to wholesalers. *See* Exh. 1.

36.     The Reseller Agreements also specify that any warranties associated with the Products are only valid when sold by authorized Resellers. *Id.*

### ***Defendant Begins Selling Infringing Products Without Authorization***

37.     At least since March 19, 2025, Plaintiff has been aware, and has so notified Defendant, that Defendant was selling Infringing Products and using Plaintiff's Trademarks without Plaintiff's authorization or consent.

38.     Defendant sells Infringing Products online on https://nomadicsupply.com (the "***Storefront***") and possibly other websites. An example of Defendant's storefront is attached as **Exhibit 2.**

39.     Indeed, on the Storefront, Defendant, *inter alia*, claims that it is an "Authorized Dealer" of NOCO Products, uses NOCO's copyrighted creative marketing content to advertise the Infringing Products, and references a warranty applicable to the Infringing

Products.

40.     Upon information and belief, Defendant purchases NOCO Products from Resellers, including Resellers located in Ohio ("***Ohio Resellers***").

41.     Upon information and belief, each Reseller from which Defendant purchases NOCO Products has entered into a Reseller Agreement with Plaintiff, all of which were executed in Ohio and governed by Ohio law.

42.     Upon information and belief, Defendant sends communications into Ohio to induce Resellers to sell NOCO Products to Defendant in bulk for the purpose of resale.

43.     Upon information and belief, Defendant sends payments to Ohio Resellers and accepts shipments of NOCO Products from Ohio Resellers.

44.     Upon information and belief, Defendant has sold Infringing Products to Ohio consumers.

45.     Upon information and belief, Defendant has accepted payments from Ohio consumers.

46.     Upon information and belief, Defendant has shipped or caused to be shipped Infringing Products to Ohio consumers.

47.     Upon information and belief, Defendant has transported its Infringing Products through facilities for transportation, distribution, and/or delivery of the Infringing Product to Ohio consumers.

48.     Upon information and belief, Defendant has accepted returns of products from Ohio consumers.

4925-1860-1038, v. 1

49.     Upon information and belief, Defendant is fully aware of its sales to Ohio consumers because Defendant generates: (i) invoices concerning sales with Ohio consumers; (ii) receipts which reflect Ohio consumers' addresses; and (iii) shipping labels which reflect that Infringing Products are being shipped to Ohio.

50.     Upon information and belief, as of the date of this filing, Defendant continues to violate Plaintiff's contractual and intellectual property rights.

### *Plaintiff Demands Defendant Cease Selling Infringing Products*

51.     Beginning on March 19, 2025, and up to April 3, 2025, the counsel for NOCO sent a series of letters informing Nomadic that it was, *inter alia*, selling Infringing Products without authorization and that such sales violated Plaintiff's intellectual property rights in its Copyrights and Trademarks (the "***Letters***"). The March 19, 2025 letter is attached as **Exhibit 3**. The April 3, 2025, letter is attached as **Exhibit 4**.

52.     The Letters put Defendant on notice of Plaintiff's claims and requested that Defendant cease selling Infringing Products immediately.

53.     The Letters also put Defendant on notice that its unlawful conduct was harming Plaintiff in Ohio, where it is located and has cultivated its reputation and goodwill.

54.     As of the date of this filing, Defendant has failed to cease selling Infringing Products and continue to violate Plaintiff's intellectual property rights, with knowledge that Plaintiff is being harmed in Ohio.

55.     Defendant's continued infringing conduct after receiving the Letters constitutes willful infringement of Plaintiff's intellectual property rights.

### *Infringing Products Sold by Defendant are Materially Different to Those Sold by Plaintiff and its Authorized Resellers*

56.     The Infringing Products sold by Defendant are materially different to those sold by Plaintiff and its authorized Resellers because Defendant does not include important warranty protections when selling Infringing Products because Defendant is not an authorized Reseller.

57.     Most NOCO Products include a One Year Limited Warranty ("***Warranty***"). The Warranty only applies to registered products where a Consumer can show proof of purchase from an authorized Reseller. *See* Warranty and Returns, The NOCO Company, no.co/warranty-returns (last visited June 10, 2025).

58.     The Infringing Products sold by Defendant are materially different from those sold by Plaintiff because Defendant cannot offer the Warranty since it is not an authorized Reseller.

59.     The Infringing Products sold by Defendant are materially different to those sold by Plaintiff because, as NOCO understands, Defendant does not store or handle products in accordance with Plaintiff's quality controls available in NOCO's data sheets, user guides, and Warranty (the "***Quality Controls***").

60.     The Quality Controls are available to consumers, authorized Resellers, and the public at no.co/downloads. *See* NOCO important Product Information & Warranty Guides, The NOCO Company, no.co/downloads (last visited June 10, 2025.

61.     Per the Quality Controls, storage temperatures are to not exceed on average

25°C—an issue of particular importance for electronics and lithium battery products.[2]

62.     Per the Quality Controls, storage areas are to be clear of high concentrations of dust or airborne materials. *Id.*

63.     Per the Quality Controls, NOCO's Products are to be stored on flat secure surfaces to prevent falling. *Id.*

64.     The Infringing Products sold by Defendant are materially different as they do not conform with NOCO's terms and conditions as provided to consumers, authorized Resellers, and anyone who accesses available NOCO Trademarks, Copyrights, user guides, and warranty information available at no.co/downloads ("***Brand Guidelines***). *See* Terms and Conditions Pop-up, The NOCO Company, no.co/downloads (made available and required to agree to upon downloading any information) (last visited June 10, 2025).

65.     The Brand Guidelines are implemented to protect NOCO's brand, valuable intellectual property, and maximum brand recognition. *Id.*

66.     Per the Brand Guidelines, anyone accessing NOCO downloads of Trademarks, Copyrights, Warranty, and Quality Controls agrees to:

- Download logos and photos only in conjunction with approved websites, flyers, and catalogs, and solely in connection with the promotion of NOCO Products;

- Not use product photos or logos in connection with any sale of NOCO products on third party websites or resale websites including but not limited to Amazon, eBay, Alibaba.com, Buy.com, Newegg.com, Overstock.com, Craigslist.com, Facebook Marketplace, or other similar platforms or sites;

---

[2] Additionally, storage and transportation of items containing lithium-ion batteries is regulated by the Hazardous Materials Regulations (HMR) available at 49 U.S.C. § 173.185.

4925-1860-1038, v. 1

- Not directly or indirectly imply sponsorship, affiliation, or endorsement of a product or service;

- Not alter the logo in any manner; and

- Display only as high quality advertising equal to or comparable to industry and conforming to the standards set by NOCO.

*See generally id.*

67.     Infringing Products sold by Defendant are materially different to those sold by Plaintiff because Defendant offers products and customer service that are inferior to NOCO's Products and customer service.

## Claim One
### Declaratory Judgment/Injunctive Relief
### 28 U.S.C. § 2201(a), Fed. R. Civ. P. 57, and 15 U.S.C. § 1116

68.     Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

69.     An actual and justiciable controversy exists between NOCO and Defendant related to whether Defendant has the right to sell Infringing Products without NOCO's consent and in violation of NOCO's rights in its Trademarks, Copyrights, and intellectual property.

70.     The Court, pursuant to 28 U.S.C. § 2201(a) and Fed. R. Civ. P. 57, should declare that Defendant has no right or authorization to sell Infringing Products or use NOCO's Trademarks, Copyrights, or intellectual property, as these actions have harmed and continue to harm Plaintiff in an amount to be determined at trial.

71.     The Court should further declare that Defendant had actual notice that it was

not authorized to sell Infringing Products or use NOCO's Trademarks, Copyrights, and intellectual property and that such actions constitute willful violations of NOCO's intellectual property rights in it Trademarks and Copyrights.

72.    Pursuant to 28 U.S.C. § 2201(a) and Fed. R. Civ. P. 57, such a declaration is proper because it would terminate the controversy between the parties and remove an uncertainty with respect to this issue.

73.    NOCO is also entitled to injunctive relief under 15 U.S.C. § 1116 because NOCO has no adequate remedy at law for Defendant's infringement and unless Defendant is permanently enjoined, NOCO will suffer irreparable harm.

**Claim Two**
**Unfair Competition**
**15 U.S.C. §1125(a)**

74.    Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

75.    Plaintiff is the owner of the Trademarks, which are registered with the United States Patent and Trademark Office.

76.    The Trademarks are valid, subsisting, and in full force and effect.

77.    Defendant has willfully and knowingly used, and continues to use, NOCO's Trademarks in interstate commerce for purposes of selling Infringing Products without NOCO's consent.

78.    NOCO has not authorized Defendant's advertisements and sales of the Infringing Products.

16

79. The Infringing Products, sold and advertised by Defendant, do not come with NOCO's Warranty, such that the Infringing Products sold and advertised by Defendant are materially different from genuine NOCO's Products.

80. Upon information and belief, Defendant does not abide by NOCO's Quality Controls, Brand Guidelines, and customer service standards, such that the Infringing Products sold by Defendant are materially different from genuine NOCO Products.

81. Thus, Defendant is advertising and selling materially different products, i.e., the Infringing Products, than that of genuine NOCO Products.

82. Defendant's unauthorized advertisement and sale of Infringing Products is likely to cause confusion, cause mistake, or deceive consumers because it suggests that Infringing Products come with NOCO's Warranty and are subject to and abide by NOCO's Quality Controls when, in fact, they are not.

83. Defendant's unauthorized advertisement and sale of Infringing Products is likely to cause confusion, cause mistake, or deceive consumers because it suggests Infringing Products are equivalent to genuine NOCO Products when, in fact, they are not.

84. Defendant's unauthorized advertisement and sale of Infringing Products is likely to cause confusion, cause mistake, or deceive consumers because it suggests that Infringing Products are sponsored by, authorized by, or otherwise connected with NOCO when, in fact, they are not.

85. Defendant's actions, including, but not limited to, its unauthorized sale of Infringing Products and its unauthorized use of the Trademarks, constitute unfair

4925-1860-1038, v. 1

competition.

86.    Defendant's unauthorized use of NOCO's Trademarks has infringed upon and materially damaged the value of NOCO's Trademarks and harms NOCO's business relationships.

87.    As a result of Defendant's actions, NOCO has suffered, and will continue to suffer, damage to its business, goodwill, reputation, and profits in an amount to be proven at trial.

88.    NOCO is entitled to recover damages caused by Defendant's infringement of NOCO's Trademarks and disgorge Defendant's profits from its willfully infringing sales and unjust enrichment.

89.    NOCO is entitled to injunctive relief under 15 U.S.C. § 1116 because NOCO has no adequate remedy at law for Defendant's infringement and, unless Defendant is permanently enjoined, NOCO will suffer irreparable harm.

90.    NOCO is also entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a) because Defendant willfully, intentionally, maliciously, and in bad faith infringed on NOCO's Trademarks.

**<u>Claim Three</u>**
**Tortious Interference with Contract**

91.    Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

92.    NOCO has entered into Reseller Agreements with Resellers to sell NOCO

Products. These Reseller Agreements specifically prohibit NOCO's authorized Resellers from selling NOCO Products to third parties, such as Defendant, for purposes of resale.

93.     NOCO has not, itself, sold any NOCO Products to Defendant.

94.     Given the foregoing facts, it is plausible and a reasonable inference that Defendant has purchased the NOCO products they are reselling, and have resold, from one or more of NOCO's authorized Resellers.

95.     Defendant knew that NOCO's Reseller Agreements prohibit Resellers from selling NOCO Products to third parties, such as Defendant, for purposes of resale at least since receipt of the Letters, if not longer.

96.     Despite this knowledge, Defendant intentionally, knowingly, and willfully interfered with the agreements between NOCO and its Reseller(s) by inducing NOCO's Reseller(s), including Ohio Reseller(s), to sell NOCO Products to Defendant in breach of the Reseller Agreement(s).

97.     As a direct and proximate cause of Defendant's interference, NOCO has suffered, and will continue to suffer, damages in an amount to be proven at trial.

## Claim Four
### Trademark Infringement
### 15 U.S.C. §§ 1114 and 1125(a)(1)(a)

98.     Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

99.     NOCO is the owner of the Trademarks, which are registered with the United States Patent and Trademark Office.

4925-1860-1038, v. 1

100.    The Trademarks are valid, subsisting, and in full force and effect.

101.    NOCO uses the Trademarks in interstate commerce for the purposes of selling the NOCO Products.

102.    Defendant has willfully and knowingly used, and continues to use, NOCO's Trademarks in interstate commerce for purposes of selling Infringing Products on the Internet without NOCO's consent.

103.    The Infringing Products are not authorized for sale by NOCO.

104.    The Infringing Products do not come with NOCO's Warranty, such that the Infringing Products advertised and sold by Defendant are materially different from genuine NOCO Products.

105.    Upon information and belief, the Infringing Products are not subject to NOCO's Quality Controls and customer service and Defendant does not abide by or adhere to NOCO's Quality Controls, Brand Guidelines, or customer service standards, such that the Infringing Products advertised and sold by Defendant are materially different from genuine NOCO Products.

106.    Thus, Defendant is advertising and selling materially different products, i.e., the Infringing Products, than that of genuine NOCO Products.

107.    Defendant's unauthorized sale of Infringing Products is likely to cause confusion, cause mistake, or deceive consumers because it suggests that Infringing Products come with NOCO's Warranty and are subject to and treated according to NOCO's quality controls when, in fact, they do not.

108.    Defendant's unauthorized advertisement and sale of Infringing Products is likely to cause confusion, cause mistake, or deceive consumers because it suggests Infringing Products are genuine NOCO Products when, in fact, they are not.

109.    Defendant's unauthorized advertisement and sale of Infringing Products is likely to cause confusion, cause mistake, or deceive consumers because it suggests that Infringing Products are sponsored by, authorized by, or otherwise connected with NOCO when, in fact, they are not.

110.    Defendant's unauthorized use of NOCO's Trademarks has infringed upon and materially damaged the value of NOCO's Trademarks and harmed NOCO's business relationships.

111.    NOCO informed Defendant that its sale of Infringing Products infringed on NOCO's rights in the Trademarks and Defendant's continued use of the Trademarks constitutes knowing and willful trademark infringement pursuant to 15 U.S.C. § 1114.

112.    As a proximate result of Defendant's actions, NOCO has suffered, and will continue to suffer, damage to its business, goodwill, reputation, and profits in an amount to be determined at trial.

113.    NOCO is entitled to recover damages caused by Defendant's infringement of NOCO's Trademarks and disgorge Defendant's profits from its willfully infringing sales and unjust enrichment.

114.    NOCO is entitled to injunctive relief under 15 U.S.C. § 1116 because Plaintiff has no adequate remedy at law for Defendant's infringement and unless Defendant is

4925-1860-1038, v. 1

permanently enjoined, Plaintiff will suffer irreparable harm.

115. Plaintiff is entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a) because Defendant willfully, intentionally, maliciously, and in bad faith infringed on NOCO's Trademarks.

## Claim Five
### Trademark Dilution (15 U.S.C. § 1125(c))

116. Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

117. The Trademarks have become famous as a result of long-time registration in numerous jurisdictions, voluminous sales through numerous prominent channels of trade, and extensive and far-reaching advertising efforts over an extended period of time.

118. The Trademarks are well known and distinctive within the battery and automotive accessory industry.

119. Defendant's use of the Trademarks in connection with sales of Infringing Products is causing the willful dilution of the Trademarks by blurring and tarnishing the reputation and goodwill associated with the Trademarks in violation of 15 U.S.C. § 1125(c).

120. As a proximate result of Defendant's actions, NOCO has suffered, and will continue to suffer, damage to its business, goodwill, reputation, and profits in an amount to be determined at trial.

121. NOCO is entitled to recover its damages caused by Defendant's infringement of the NOCO's Trademarks and disgorge Defendant's profits from its willfully infringing

sales and unjust enrichment.

122.     NOCO is entitled to injunctive relief under 15 U.S.C. § 1116 because it has no adequate remedy at law for Defendant's infringement and unless Defendant is permanently enjoined, NOCO will suffer irreparable harm.

123.     NOCO is entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a) because Defendant willfully, intentionally, maliciously, and in bad faith infringed on NOCO's Trademarks.

<u>Claim Six</u>
**Ohio Deceptive Trade Practices**
**O.R.C.  4165.02**

124.     Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

125.     Defendant advertises and sells the Infringing Products and uses NOCO's Trademarks and Copyrights without NOCO's authorization or consent.

126.     Defendant's advertisements and sales of the Infringing Products and use of the Trademarks and Copyrights are likely to cause confusion and/or misunderstanding with the consuming public because, *inter alia*, Defendant's advertisements and sales of the Infringing Products creates the impression that: (i) the Infringing Products are sourced from and/or sponsored, approved, or certified by NOCO when they are not, in violation of O.R.C. 4165.02(A)(2) and (A)(9); and (ii) Defendant is affiliated, connected, or associated with NOCO, when Defendant is not, in violation of O.R.C. 4165.02(A)(3 and (A)(7).

127.     As a result, NOCO has been harmed by Defendant's advertisements and sales

4925-1860-1038, v. 1

of the Infringing Products and unauthorized use of NOCO's Trademarks and Copyright in an amount to be proven at trial.

**<u>Claim Seven</u>**
**False Advertising**
**15 U.S.C. § 1125(a)(1)(B)**

128.  Plaintiff incorporates each and every preceding paragraph as if fully restated herein.

129.  NOCO is the owner of the Trademarks.

130.  NOCO has registered the Trademarks with the United States Patent and Trademark Office.

131.  The Trademarks are valid and subsisting trademarks in full force and effect.

132.  Through the Storefront, Defendant has willfully and knowingly used, and continues to use, the Trademarks and Copyrights in interstate commerce for purposes of advertising, promoting, and selling the Infringing Products without NOCO's consent.

133.  Defendant's advertisement and promotion of the Infringing Products unlawfully using the Trademarks and Copyrights have been disseminated throughout commerce to consumers across the country over the Internet.

134.  Defendant has used, and continues to use, the Trademarks to falsely advertise that the Infringing Products Defendant sells come with NOCO's Warranty.

135.  Such advertisement is false because NOCO's Warranty does not come with the Infringing Products sold by Defendant.

136.  Products purchased from NOCO and its Authorized Resellers come with

NOCO's Warranty.

137.    NOCO cannot ensure the source, legitimacy, or quality of products sold by unauthorized resellers such as Defendant.

138.    Therefore, products sold by unauthorized resellers like Defendant do not come with NOCO's Warranty.

139.    The Storefront lists that a manufacturer warranty is included with the product purchase.

140.    Such representation is false because the Infringing Products sold by Defendant do not come with NOCO's Warranty.

141.    The Storefront lists that it is an authorized dealer of NOCO Products.

142.    Such representation is false because Defendant is not an authorized dealer of NOCO Products and has not entered into a Reseller Agreement.

143.    Defendant's use of the Trademarks in connection with the unauthorized advertising, promotion, and sale of Infringing Products bearing the Trademarks misrepresents the nature, characteristics, qualities, and origin of Defendant's Infringing Products because it suggests that the Infringing Products come with NOCO's Warranty when, in fact, they do not.

144.    Defendant's use of the Trademarks in connection with the unauthorized advertising, promotion, and sale of Infringing Products bearing the Trademarks is likely to cause confusion, cause mistake, or deceive because it falsely suggests that the Infringing Products Defendant offers for sale are genuine and authentic products that come with

NOCO's warranty, when in fact they do not.

145.    Defendant's unauthorized and deceptive use of the Trademarks is material and likely to influence customers to purchase the Infringing Products it sells, as consumers are likely to believe that Infringing Products Defendant advertises using the Trademarks are genuine products that come with NOCO's warranty when, in fact, they do not.

146.    Defendant's unauthorized use of the Trademarks in advertising and sale of the Infringing Products without NOCO's consent infringes on the Trademarks.

147.    As a proximate result of Defendant's actions, NOCO has suffered, and will continue to suffer, damage to its business, goodwill, reputation, and profits in an amount to be proven at trial.

148.    NOCO is entitled to recover its damages caused by Defendant's infringement of the Trademarks and disgorge Defendant's profits from its willfully infringing sales and unjust enrichment.

149.    NOCO is entitled to injunctive relief under 15 U.S.C. § 1116 because it has no adequate remedy at law for Defendant's infringement and unless Defendant is permanently enjoined, NOCO will continue to suffer.

150.    NOCO is entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a) because Defendant willfully, intentionally, maliciously, and in bad faith infringed on the Trademarks.

As a result, Plaintiff has suffered damages and will continue to suffer damages in an amount to be proven at trial.

**WHEREFORE,** Plaintiff prays for judgment as follows:

A.   That the Court issue an order declaring the following findings of fact and law:

- Since Defendant is not an authorized Reseller, any products Defendant sells which bear NOCO's brand, Trademarks, and/or intellectual property are materially different than genuine NOCO Products because the products do not come with NOCO's Warranty and are not subject to, and interfere with, NOCO's legitimate and substantial Quality Controls;

- Defendant's unlawful sales of products which bear NOCO's brand, Trademarks, and/or intellectual property constitute unfair competition, trademark infringement, trademark dilution, and violations of Ohio's Deceptive Trade Practices Act;

- Defendant has no right or authorization to sell any products which bear NOCO's brand, Trademarks, and/or intellectual property; and

- Defendant has tortiously interfered with NOCO's contractual relationships with its Resellers by inducing NOCO's Resellers to sell Defendant products which bear NOCO's brand, Trademarks, and/or intellectual property;

B.   Judgment in favor of Plaintiff and against Defendant in an amount to be determined at trial, but in excess of $75,000, including, but not limited to, compensatory damages, statutory damages, enhanced damages, restitution, including disgorgement of profits, punitive damages, and prejudgment and post-judgment interest, as permitted by law;

C.   That a permanent injunction be issued enjoining Defendant and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendant, and all of those in active concert and participation with Defendant (the "***Enjoined Parties***") as follows:

- Prohibiting the Enjoined Parties from advertising or selling, via the Internet or otherwise, any products which bear NOCO's brand, Trademarks, and/or intellectual

property;

- Prohibiting the Enjoined Parties from using NOCO's brand, Trademarks, and/or intellectual property in any manner, including advertising on the Internet;

- Prohibiting the Enjoined Parties from importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all products which bear NOCO's brand, Trademarks, and/or intellectual property;

- Prohibiting the Enjoined Parties from disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain NOCO's brand, Trademarks, and/or intellectual property including: invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendant has sold bearing NOCO's brand, Copyrights, Trademarks, and/or intellectual property;

- Requiring the Enjoined Parties to take all action to remove from the Enjoined Parties' websites any reference to any NOCO Products or NOCO's brand, Trademarks, and/or intellectual property;

- Requiring the Enjoined Parties to take all action, including but not limited to, requesting removal from the Internet search engines (such as Google, Yahoo!, and Bing), to remove from the Internet any uses of the NOCO's brand, Trademarks, and/or intellectual property which associate NOCO's Products or NOCO's brand, Trademarks, and/or intellectual property with the Enjoined Parties or the Enjoined Parties' website;

- Requiring the Enjoined Parties to take all action to remove unauthorized uses of NOCO's brand, Trademarks, and/or intellectual property from the Internet, including from the websites:

www.nomadicsupply.com,    www.amazon.com,    and
www.walmart.com;

D.      An award of attorneys' fees, costs, and expenses; and

E.      Such other and further relief as the Court deems just, equitable and proper.

Respectfully submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/ Jon J. Pinney*
JON J. PINNEY (0072761)
KYLE D. STROUP (0099118)
ANTONIO F. DEMPSEY (0101394)
1375 East Ninth Street, 29th Floor
Cleveland, Ohio 44114
Phone: 216-696-8700/Fax: 216-621-6536
Email: jjp@kjk.com; kds@kjk.com; afd@kjk.com
*Counsel for Plaintiff*

**JURY DEMAND**

Plaintiff respectfully demands a trial by jury pursuant to Fed. R. Civ. P. 38.

*/s/ Jon J. Pinney*
JON J. PINNEY

4925-1860-1038, v. 1